[963 NYS2d 587]

In the Matter of DANIEL J. FOX (Admitted as DANIEL JAMES Fox), an Attorney, Resignor.

Second Department, April 24, 2013

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for the Grievance Committee for the Ninth Judicial District.

*Daniel J. Fox*, Orange, New Jersey, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Daniel J. Fox has submitted an affidavit dated October 13, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Fox was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 22, 1987, under the name Daniel James Fox.

Fox is aware of the potential for reciprocal discipline in the State of New York, pursuant to 22 NYCRR 691.3, based on an order of the Supreme Court of New Jersey, decided June 5, 2012 (210 NJ 255, 43 A3d 1163 [2012]), continuing his temporary suspension from the practice of law in New Jersey and censuring him for failing to cooperate with disciplinary authorities and engaging in conduct prejudicial to the administration of justice. Fox acknowledges that he would not be able to successfully defend himself on the merits against any reciprocal disciplinary proceedings commenced against him.

Fox further acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including being barred from seeking reinstatement for a minimum period of seven years.

Additionally, Fox acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He is further aware of the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Fox's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Fox is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the resignation of Daniel J. Fox, admitted as Daniel James Fox, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Daniel J. Fox, admitted as Daniel James Fox, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Daniel J. Fox, admitted as Daniel James Fox, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Daniel J. Fox, admitted as Daniel James Fox, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Daniel J. Fox, admitted as Daniel James Fox, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).